# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **TIMOTHY GHIDEN,**  *Plaintiff,*  v.  **GEORGIA DEPARTMENT OF CORRECTIONS,** *et al.,*  *Defendants.* | **CIVIL ACTION NO.**  **5:19-cv-00197-TES** |

### ORDER PERMITTING PLAINTIFF'S CLAIMS TO PROCEED FOLLOWING FRIVOLITY REVIEW UNDER 28 U.S.C. §§ 1915(e) and 1915A

The Court previously granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP") [Doc. 2], but also ordered Plaintiff to file an Amended Complaint so that the Court could properly conduct frivolity review. [Doc. 10 at pp. 4–6].

In compliance with the Court's previous Order, Plaintiff filed his Amended Complaint [Doc. 18], thus allowing the Court to screen his complaint to ensure that it states a claim for which relief may be granted. *See* 28 U.S.C. § 1915(A)(b). Current Eleventh Circuit precedent provides that "[a] district court may dismiss *sua sponte* a complaint if it is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting 28 U.S.C. § 1915A(b)(1)). Frivolous claims are those which "lack[ ] an arguable basis either in law or in fact." *Id.* (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

To this end, the Prison Litigation Reform Act ("PLRA"), "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Miller*, 541 F.3d at 1100 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). In *Neitzke*, the United States Supreme Court held that "it is evident that the failure-to-state-a-claim standard of [Federal Rule of Civil Procedure] 12(b)(6) and the frivolousness standard of [28 U.S.C. § 1915(e)(2)] were devised to serve distinctive goals, and that while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter." 490 U.S. at 326.

In order to survive frivolity review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing within Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "*any set of facts* that could be proven with the allegations," a claim must be dismissed. *Id.*

(quoting *Hishon*, 467 U.S. at 73).

On the other hand, frivolity review under the PLRA, has a separate function—designed to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing a civil action. *Id.* Even though Federal Rule of Civil Procedure 12 and 28 U.S.C. § 1915(e) along with 28 U.S.C. § 1915A all counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

As the Supreme Court noted in *Neitzke*, "[c]lose questions of federal law, including claims filed pursuant to 42 U.S.C. § 1983, have on a number of occasions arisen on motions to dismiss for failure to state a claim." *Id.* As such, "[i]t can hardly be said that the . . . legal claims raised in [this case are] so defective that they should never have been brought at the outset." *Id.* To term Plaintiff's claims as "frivolous," at this stage, would distort the PLRA's "meaning of frivolousness both in common and legal parlance." *Id.* at 328–29. That said, even after a cursory review of Plaintiff's Amended Complaint [Doc. 6], it is clear that he narrowly complied with Federal Rule of Civil Procedure 10, thus making this required review near impossible to complete. Nevertheless, as stated above, his

Amended Complaint alleges that Defendants, in addition to violating the Eighth Amendment of the United States Constitution, violated state law as well as various GDC policies such as Standard Operating Procedure IIB09-0001, 222.10 (IV)(B), and potential others by allowing violent prisoners to be transported with non-violent prisoners. [Doc. 18 at ¶¶ 23, 36–37, 45].

As to the Eighth Amendment, the Supreme Court has squarely held that the amendment's proscription against cruel and unusual punishment not only protects prisoners from violence at the hands of jailors, but it also imposes upon jailors a duty "to protect prisoners from violence at the hands of other prisoners." *Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga.*, 400 F.3d 1313, 1320 (11th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). However, a defendant is liable under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Because the allegations of Plaintiff's Amended Complaint are barely sufficient to state a plausible claim for relief at this stage of the proceedings, Defendants may respond to his allegations. *See Iqbal*, 556 U.S. at 678, *supra*. Thus, Plaintiff may proceed with his Eighth Amendment claims against Defendants. His remaining claims, despite his scarce indications to which state statutes or rules he alleges that Defendants violated are nonetheless allowed to proceed—assuming they are not barred by the PLRA's requirement to exhaust administrative remedies or the Eleventh Amendment and to the

4

extent he has a private right of action to enforce state statutes or regulations.

**SO ORDERED**, this 21st day of June, 2019.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**